The offense is carrying a pistol; the punishment, a fine of $150.

Officer Linney of the Houston police testified that shortly after midnight on the night in question he came upon an automobile parked out in the street some 12 feet from the curb, that appellant was seated in the driver's seat with his head leaning on the back of the seat, that he spoke to the appellant and when he received no coherent reply he ordered appellant out of his automobile and found a fully loaded pistol in his coat pocket.

Appellant, testifying in his own behalf, stated that he had closed the grill where he was working and was en route to another business establishment when his motor died. He stated that his boss had told him to take the pistol and the day's receipts with him when he left the grill.

■ The trial court, who heard the case without the intervention of a jury, accepted the State's version of the occurrence, and we find the evidence sufficient to support his judgment.

No brief has been filed. By bill of exception, appellant objects to the fruits of the search of his person. Appellant was clearly violating the law, as he was blocking a moving lane of traffic 12 feet from the curb, and the search was authorized by our holding in Soileau v. State, 156 Tex.Cr.R. 544, 244 S.W.2d 224.

Finding no reversible error, the judgment of the trial court is affirmed.

**Nelson SIMMONS, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. 31230.**

Court of Criminal Appeals of Texas.

Jan. 6, 1960.

No attorney for appellant of record on appeal.

**618**

Dan Walton, Dist. Atty., Lee P. Ward, Jr., Samuel H. Robertson, Jr., Asst. Dist. Attys., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

DAVIDSON, Judge.

This is a conviction for murder; the punishment, ten years in the penitentiary.

That appellant killed the deceased by shooting him with a gun is not disputed.

In testifying in his own behalf, appellant admitted the killing but insisted that it was in defense of his wife against the actual attack of the deceased.

This defensive theory was pertinently submitted by the trial court in his charge to the jury, and by the jury rejected. Such rejection was within the province of the jury.

No errors appearing, and the facts authorizing the jury's conclusion of guilt, the judgment is affirmed.